UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MALIKA HUDWELL | : | CIVIL ACTION |
| 8205 Lyons Avenue, Apartment C | : | |
| Philadelphia, PA 19153 | : | |
| | : | |
| Plaintiff, | : | NO: |
| v. | : | |
| | : | |
| EXTENDED STAY AMERICA, INC | : | JURY TRIAL DEMANDED |
| 11525 N. Community House Road #100 | : | |
| Charlotte, NC 28277 | : | |
| | : | |
| Defendant. | : | |

**COMPLAINT AND JURY DEMAND**

Plaintiff, Malika Hudwell, by and through her undersigned counsel, through this Complaint hereby alleges against Defendant Extended Stay America the following:

**I.   INTRODUCTION**

1. This action for declaratory, injunctive, monetary and other appropriate relief is brought by Plaintiff to redress violations by the Defendant of rights secured to the Plaintiff by the laws of the United States of America and the Commonwealth of Pennsylvania.

2. This action arises under Title VII of the Civil Rights Act of 1964, codified as 42 U.S.C. § 2000 and the Pennsylvania Human Relation Act, as amended, 43 P.S. § 951 ("PHRA"). The claims are brought by Plaintiff to redress arbitrary, improper, unlawful, willful, deliberate and intentional discrimination and retaliation based on her sex.

**II.   JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. § 1331 and Title VII which provides original jurisdiction of Plaintiff's claims arising under the laws of the

United States and over actions to recover damages and to secure equitable and other relief under the appropriate governing statutes.

4. Supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367, to consider Plaintiff's claims arising under the Pennsylvania Human Relations Act.

5. The venue of this Court is invoked pursuant to Title 28 U.S.C. §1391(c).

## III. PARTIES

6. Plaintiff, Malika Hudwell, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides therein at 8205 Lyons Avenue, Apartment C, Philadelphia, PA 19153.

7. Defendant Extended Stay America, Inc is a company that is headquartered at 11525 N. Community House Road #100, Charlotte, North Carolina 28277 and conducts business throughout the Commonwealth of Pennsylvania.

8. At the time of Defendant's Title VII and PHRA violations, Plaintiff Malika Hudwell was employed by Defendant Extended Stay America as a housekeeper at an Extended Stay Hotel located at 9000 Tinicum Boulevard, Philadelphia, PA 19153.

9. At all times relevant hereto, Defendant Extended Stay America was acting through its agents, servants and employees, who were authorized and acting within the scope of their authority, course of employment, and under the direct control of Defendant.

10. At all times relevant hereto, Defendant Extended Stay America was an employer as defined under Title VII and the PHRA and is subject to the provisions of each act.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. On December 6, 2019, Plaintiff timely filed a complaint against Defendant with the Pennsylvania Human Relations Commission that was duel filed with the United States Equal

Employment Opportunity Commission alleging a hostile work environment based upon her sex and retaliation for reporting such treatment.

12. On January 14, 2021, the Equal Employment Opportunity Commission sent Plaintiff a Right to Sue letter.

13. This action is being commenced within ninety (90) days of Plaintiff receiving the Right to Sue letter.

14. Therefore, Plaintiff has exhausted all administrative prerequisites to the bring the foregoing action.

V.   **STATEMENT OF CLAIMS**

15. Plaintiff began working for Defendant Extended Stay America at the Tinicum Boulevard location in or about November 2018.

16. Throughout her tenure with the Defendant, Plaintiff performed her job functions in a dutiful and competent manner.

17. Although Plaintiff was performing her job functions in a competent manner, Plaintiff was subjected to regular harassment on the basis of her sex by a supervisor, Gregory LNU.

18. The harassment began shortly after she started working for Defendant and included repeated tasteless sexual comments and inappropriate touching by Gregory.

19. Gregory would ask Plaintiff detailed questions about her sex life and would inappropriately watch Plaintiff while she worked.

20. In fact, Gregory would purposely create situations where Plaintiff would have to bend over in front of him so he could watch her.

21. Gregory went as far as touching Plaintiff by intentionally bumping into her.

22. Due to the extent of Gregory's behavior, Plaintiff reported this conduct to management. Plaintiff specifically reported Gregory's behavior to another supervisor, Maurice (LNU), on several occasions.

23. Unfortunately, Plaintiff's Complaints went ignored and Gregory's behavior continued.

24. Gregory's behavior created a hostile work environment and made it extremely uncomfortable for Plaintiff to perform the essential functions of her job.

25. On June 16, 2019, Plaintiff attempted to call out of work because she was sick. Plaintiff spoke with Maurice LNU who told her she was not permitted to call out even if she was feeling sick.

26. While at work, Plaintiff threw up several times but Maurice LNU would not permit Plaintiff to leave work.

27. That day, Plaintiff went to a different Extended Stay Hotel, located on Bartram Avenue in Philadelphia, Pennsylvania, to raise her complaints of sexual harassment and her location's failure to conduct a proper investigation to a different manage.

28. Plaintiff was reassured by supervisors of the Bartram Avenue location that Defendant would investigate her claims and attempt to relocate her to another location.

29. Plaintiff then returned to work and was informed by her supervisor Maurice LNU that she was terminated and no longer worked at that location.

30. Plaintiff was put in contact with Cal Carver, another manager for Defendant Extended Stay America at the Bartram location, who again reassured Plaintiff her claims would be investigated. Mr. Carver initially attempted to transfer Plaintiff to another Extended Stay location but within a few weeks, stopped responding to Plaintiff's communications.

31. After Mr. Carver stopped responding to Plaintiff, it became clear that Defendant never conducted an adequate investigation into Plaintiff's claims and she would no longer be working for Defendant Extended Stay America.

32. Defendant terminated Plaintiff based on her sex and in retaliation for raising complaints about her supervisors' unlawful and inappropriate behavior.

33. In addition to Plaintiff's wrongful termination, Defendant specifically failed to have adequate policies, trainings and procedures to prevent this hostile work environment, harassment and retaliation.

34. As a result of Defendant's unlawful discrimination and retaliation, Plaintiff has suffered mental anguish and embarrassment and has lost wages and other employee benefits.

## COUNT I-
## TITLE VII HOSTILE WORK ENVIRONMENT

35. Plaintiff incorporates by reference paragraphs 1 through 33 of this Complaint as if fully set forth at length herein.

36. As stated above, Plaintiff was subjected to unwelcome, offensive and harassing discriminatory conduct during her employment with Defendant Extended Stay America on the basis of her sex in violation Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. Seq.

37. The discriminatory and harassing conduct was sufficiently severe and pervasive that it created a hostile and offensive work environment and unreasonably interfered with Plaintiff's ability to perform her job functions.

38. Plaintiff's supervisor, Gregory, engaged in constant harassing and sexually inappropriate behavior at Plaintiff's expense.

39. On multiple occasions, Plaintiff reported the discriminatory and harassing conduct to her other supervisor, Maurice LNU, but her complaints continually went ignored and Gregory's harassing behavior continued.

40. Defendant specifically failed to have adequate policies, trainings and procedures to prevent this hostile work environment, harassment and retaliation.

41. As a direct and proximate result of the hostile work environment, Plaintiff suffered great embarrassment, humiliation and mental and physical anguish.

## COUNT II-
## TITLE VII RETALIATION

42. Plaintiff incorporates by reference paragraphs 1 through 39 of this Complaint as if fully set forth at length herein.

43. As stated above, Defendant Extended Stay America, through its officers and/or agents, wrongfully and illegally retaliated against Plaintiff for reporting a hostile work environment in violation of Title VII of the Civil Rights Act of 1964.

44. Plaintiff was terminated for no apparent reason after she reported various instances of sexual harassment and inappropriate behavior of one of her supervisors, Gregory LNU.

45. Defendant never thoroughly investigated the various complaints of sexual harassment made by Plaintiff.

46. Defendant specifically failed to have adequate policies, trainings and procedures to prevent this hostile work environment, harassment and retaliation.

47. Plaintiff believes and therefore alleges that she was terminated for in retaliation for reporting the hostile environment to her supervisors in direct violation of Title VII of the Civil Rights Act of 1964.

48. As a direct and proximate result of Defendant's willful and intentional retaliation against Plaintiff for reporting sexual harassment, Plaintiff has suffered humiliation and emotional distress as well a loss of potential earnings, plus the value of the employment benefits, plus loss of future earning power, back pay, front pay and interest due thereon.

49. Defendant's conduct as described above was willful, wanton and malicious and Plaintiff is therefore entitled to punitive damages.

## COUNT III- 
## PHRA HOSTILE WORK ENVIRONMENT

50. Plaintiff incorporates by reference paragraphs 1 through 46 of this complaint as if set forth herein at length.

51. Defendant Extended Stay America subjected Plaintiff to a hostile work environment based upon her sex, as detailed above in violation of the Pennsylvania Human Relations Act.

52. The discriminatory and harassing conduct was sufficiently severe and pervasive that it created a hostile and offensive work environment and unreasonably interfered with Plaintiff's ability to perform her job functions.

53. Plaintiff was the victim of sexual harassment perpetuated by her supervisor, Gregory LNU and embraced by her other supervisor, Maurice LNU.

54. Plaintiff reported the sexual harassment and hostile work environment to Maurice on several occasions, but he failed to take remedial actions.

55. Defendant specifically failed to have adequate policies, trainings and procedures to prevent this hostile work environment, harassment and retaliation.

56. As a result of Defendant's conduct in violation of the Pennsylvania Human Relations Act, Plaintiff suffered severe emotional distress, embarrassment, humiliation, and mental anguish.

### COUNT IV- ###
### PHRA RETALIATION ###

57. Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint as if set forth herein at length.

58. As stated above, Defendant Extended Stay America, through its officers and/or agents, wrongfully and illegally retaliated against Plaintiff for reporting a hostile work environment in violation of the Pennsylvania Human Relations Act.

59. Plaintiff was terminated for no apparent reason after she reported various instances of sexual harassment and inappropriate behavior of one of her supervisors, Gregory LNU.

60. Defendant never thoroughly investigated the various complaints of sexual harassment made by Plaintiff.

61. Defendant specifically failed to have adequate policies, trainings and procedures to prevent this hostile work environment, harassment and retaliation.

62. Plaintiff believes and therefore alleges that she was terminated for reporting the hostile environment to her superiors in direct violation of the Pennsylvania Human Relations Act.

63. As a direct result of Defendant's willful and intentional retaliation against Plaintiff for reporting sexual harassment, Plaintiff has suffered humiliation and emotional distress as well a loss of potential earnings, plus the value of the employment benefits, plus loss of future earning power, back pay, front pay and interest due thereon.

**WHEREFORE**, Plaintiff requests this Court to enter judgment in her favor and against Defendant and order that:

(a) Defendant compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conduct;

(b) Defendant pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, loss of employment and other non-pecuniary losses as allowable;

(c) Defendant pay to Plaintiff punitive damages, pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law; and

(d) The Court award such other relief as is deemed just and proper.

Plaintiff demands trial by jury.

                    Duffy North

By:    /s/Joshua S. Ganz
Joshua S. Ganz, Esquire
I.D.# 85838
Christopher Manno, Esquire
I.D.# 326192
104 N. York Road
Hatboro, PA 19040
(215)675-7300
Attorneys for Plaintiff